IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALERIE KAY HODGES,

    Plaintiff,

v.                                                                                                    CIV 17-0532 JHR

NANCY A. BERRYHILL,
Acting Commissioner, Social
Security Administration,

    Defendant.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Valerie Kay Hodges' Brief in Support of Motion to Remand or Reverse, filed December 18, 2017. [Doc. 18]. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned to conduct dispositive proceedings in this matter, including the entry of final judgment. [Docs. 10, 11, 12]. Having studied the parties' positions, the relevant law, and the relevant portions of the Administrative Record ("*AR*"), the Court denies Ms. Hodges' Motion for the reasons set forth below.

**I)**     **INTRODUCTION**

This Court's institutional role is to ensure that an Administrative Law Judge's ("ALJ's") decision on the merits of a Social Security appeal is supported by substantial evidence and that the correct legal standards have been applied. Ms. Hodges contends that neither standard was met by the ALJ in her case. In support, she points to the ALJ's alleged failure to consider her migraines when determining her residual functional capacity. She also posits that the ALJ failed to properly weigh the medical opinions in the file and assess her credibility. Thus, she asks the

Court to reverse and remand the ALJ's decision. However, for the reasons that follow, the Court finds that Ms. Hodges has failed to demonstrate reversible error, and so affirms the ALJ's denial of disability insurance benefits in this case.

## II) BACKGROUND

Ms. Hodges filed an application with the Social Security Administration for disability insurance benefits under Title II of the Social Security Act on June 28, 2013. *AR* at 158-59. She alleged a disability onset date of February 15, 2010 due to "epilepsy, panic disorder with agoraphobia, anxiety, depression, and vertigo." *AR* at 175. The Administration denied Ms. Hodges' claim initially and upon reconsideration, and she requested a *de novo* hearing before an administrative law judge ("ALJ"). *AR* at 68-109.

ALJ Janice L. Holmes held an evidentiary hearing on October 22, 2015. *AR* at 28-67. At the hearing, Ms. Hodges amended her alleged onset date to August 21, 2012. *AR* at 31, 171. On March 2, 2016, the ALJ issued an unfavorable decision, finding that Ms. Hodges has not been under a disability from her alleged onset date through the date of her decision. *AR* at 8-27. In response, Ms. Hodges filed a "Request for Review of Hearing Decision/Order" on May 5, 2016. *AR* at 7. After reviewing her case, the Appeals Council denied Ms. Hodges' request for review on March 6, 2017. *AR* at 1-6. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court now has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §

404.1505(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4).[1]

At Step One of the sequential evaluation process, the ALJ found that Ms. Hodges has not engaged in substantial gainful activity since her alleged onset date. *AR* at 13. At Step Two, she determined that Ms. Hodges has the severe impairments of "Non-epileptic Seizure Disorder; Migraines; Degenerative Disc Disease of the Cervical Spine; Major Depressive Disorder; and Panic Disorder[.]" *AR* at 13. At Step Three, the ALJ concluded that Ms. Hodges' impairments, individually and in combination, do not meet or medically equal the regulatory "listings." *AR* at 14-15. Ms. Hodges does not challenge these findings on appeal.

When a claimant does not meet a listed impairment, the ALJ must determine her residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). RFC is a multidimensional description of the work-related abilities a plaintiff retains in spite of her medical impairments. 20 C.F.R. § 404.1545(a)(1). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Ms. Hodges retains the RFC to:

> perform less than a full range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. However, the claimant is further limited to no climbing of ladders, ropes or scaffolds, no exposure to unprotected heights or

---

[1] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

3

moving mechanical parts, no operation of motor vehicles, and frequent overhead reaching. Moreover, the claimant is limited to understanding, remembering, and carrying out simple instructions and routine tasks, a low stress environment, which I define as no production rate pace (e.g. no assembly line work), simple work related decisions, no interactions with the general public, and occasional interaction with co-workers.

*AR* at 16.

Employing this RFC at Steps Four and Five, and relying on the testimony of a Vocational Expert, the ALJ determined that Ms. Hodges is unable to perform her past relevant work as a paralegal, claims clerk, or administrative assistant. *AR* at 20, 64. However, the ALJ found that there are jobs that exist in significant numbers in the national economy that Ms. Hodges can perform despite her limitations. *AR* at 21. Specifically, the ALJ determined that Ms. Hodges retains the functional capacity to work as a cleaner, classifier, or garment sorter. *AR* at 21-22. Accordingly, the ALJ determined that Ms. Hodges is not disabled as defined in the Social Security Act, and denied benefits. *AR* at 22.

### III) LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "'Substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Racette v. Berryhill*, 734 F. App'x 592, 595 (10th Cir. May 22, 2018) (quoting *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004)). The Court reviews the record as a whole, does not reweigh the evidence, and cannot substitute its judgment for that of the Agency. *White v. Berryhill*, 704 F. App'x 774, 776 (10th Cir. 2017) (citing *Bowman v. Astrue*, 511 F.3d 1270,

1272 (10th Cir. 2008)). "[M]erely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting [my] review, [I] should, indeed must, exercise common sense." *Keyes-Zachary*, 695 F.3d at 1166.

IV) **ANALYSIS**

Ms. Hodges argues that the "ALJ failed to comply with the required technique for determining [her] residual functional capacity, … failed to give controlling weight to [her] treating sources[,] … and failed to assess [her] credibility[.]" [Doc. 18, p. 2]. The Court disagrees with all of Ms. Hodges' contentions.

**A) The ALJ's RFC Assessment Adequately Accounts for the Functional Restrictions Stemming from Ms. Hodges' Complaints of Migraines.**

Ms. Hodges' first argument is that the ALJ failed to incorporate the functional limitations of her chronic migraines into the RFC. [*See* Doc. 18, p. 7]. Specifically, she argues that "the ALJ failed to evaluate the intensity, persistence, and limiting effects that [her] migraines have on her ability to perform sustained, full time, work activities as dictated by SSR 96-7p and SSR 96-8p." *Id.* Ms. Hodges' argument is not supported by the record or pertinent law.

First, the ALJ did not ignore Ms. Hodges' allegations of migraines when formulating her RFC. To the contrary, while formulating Ms. Hodges' RFC the ALJ makes reference to her complaints of migraines and headaches to various medical providers. *See AR* at 17-19. After her review of the record, the ALJ determined that Ms. Hodges' "complaints of migraines" possibly affected her concentration and memory. *AR* at 19. Nonetheless, the ALJ concluded that Ms. Hodges' physical exams were "substantially unremarkable, and mental status exam findings were indicative or a residual ability to manage simple tasks in a low stress environment (and no public interaction/occasional with co-workers)." *Id.* Thus, the ALJ did not fail to incorporate Ms.

5

Hodges' functional limitations of her chronic migraines into the RFC; rather, she found none existed beyond those that were supported by the record.

Moreover, contrary to Ms. Hodges' suggestion, the ALJ complied with SSR 96-7p[2] and SSR 96-8p. SSR 96-7p deals with assessing the credibility of an individual's statements. *See* 1996 WL 374186. Under it,

> [w]hen the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

*Id.* at *1. Pertinent here, the ruling instructs that "[s]ymptoms cannot be measured objectively through clinical or laboratory diagnostic techniques; however, their effects can often be clinically observed." *Id.* at *6.

Here, the ALJ reviewed the record and determined that Ms. Hodges' migraines, though a severe impairment under Step Two, caused little in the form of objective functional limitations for the purposes of her RFC. *AR* at 19. The ALJ gave Ms. Hodges the benefit of the doubt, finding that her migraines possibly affect her concentration and memory. *Id.* Nonetheless, the ALJ found that the intensity and persistence of Ms. Hodges' alleged pain and symptoms resulting from her migraines to be inconsistent with her review of the record. *AR* at 20. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Romo v. Comm'r, Soc. Sec. Admin.*, --- F. App'x ----, 2018 WL 4212112, at *4 (10th Cir. Sept. 5, 2018) (quoting *Cowan v.*

---

[2] The Court notes that SSR 96-7p was superseded by SSR 16-3p effective March 28, 2016. However, because the ALJ's decision predates this change, the Court applies SSR 96-7p.

*Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008)). Here, substantial evidence supports the ALJ's finding that Ms. Hodges' migraines do not prevent her from working.

Likewise, SSR 96-8p discusses how an adjudicator is to assess residual functional capacity. *See* 1996 WL 374184. Under it, an ALJ must consider an individual's ability to perform specific work-related functions when viewed through the lens of her impairments. *See id.* at *1. Importantly, however, "[w]hen there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." *Id.*

Ms. Hodges supports her argument with citations to the record, arguing that she has "persistently complained of migraines." [Doc. 18, p. 5]. However, none of Ms. Hodges' record citations demonstrate restriction of specific functional capacity related to or caused by her migraines. [*See* Doc. 18, pp. 5-6]. As the Commissioner rightly argues, "a diagnosis alone is not disabling. Rather, the question is what limiting effects stemmed from her headaches." [Doc. 20, pp. 8-9]. Here, the ALJ's RFC finding accounted for the limitations that could reasonably be attributed to Ms. Hodges' migraines, and the Court agrees with the Commissioner that Ms. Hodges "has not and cannot identify what additional limitations she believes were warranted by her headaches but not included in the very restrictive residual functional capacity assessment." [Doc. 20, p. 9]. As such, her argument that the ALJ should have incorporated more functional limitations into the RFC due to her migraines is rejected.

**B) The ALJ did not err in Weighing the Medical Opinion Evidence, and was not required to give Controlling Weight to Ms. Hodges' Treating Sources.**

Next, Ms. Hodges argues that, contrary to controlling law, the "ALJ failed to state what weight she assigned to [her] treating physicians." [Doc. 18, p. 8]. Ms. Hodges then summarizes

her treatment notes for Dr. Raul Jimenez and Atlantis Health Services, focusing specifically upon her Global Assessment of Functioning ("GAF") scores.[3] [*See* Doc. 18, p. 11]. Ms. Hodges then shifts her focus to the ALJ's decision to assign the opinion of Dr. Ashok Khushalani "great weight." [Doc. 18, pp. 10-11]. She argues that Dr. Khushalani ignored GAF scores that were "primarily in the 40 range"[4] when determining that she is "stable," rendering the ALJ's reliance on his opinion "in clear violation of 20 C.F.R. §§ 404.1527(c)-(d)[.]" *Id.* at 12. Unfortunately for Ms. Hodges, her arguments are foreclosed by case law and the record.

In arguing that the ALJ failed to assign weight to the opinions of her treating physicians, Ms. Hodges properly states that "[i]t is the ALJ's duty to give consideration to all the medical opinions in the record." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). However, that is precisely what the ALJ did in this case. *See AR* at 17-20. While it is true that the ALJ did not recite the evidence that Ms. Hodges relies on, "an ALJ is not required to discuss every piece of evidence in the record." *Holcomb v. Astrue*, 389 F. App'x 757, 760 (10th Cir. 2010) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Rather, she "must discuss the evidence supporting [her] decision, and in addition 'must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as the significantly probative evidence [s]he rejects." *Id.* Here, the evidence Ms. Hodges relies on is not significantly probative because, as the Commissioner argues, it does not contain *opinions* as to her work-related functioning. [*See*

---

[3] "The GAF is a 100–point scale divided into ten numerical ranges, which permits clinicians to assign a single ranged score to a person's psychological, social, and occupational functioning." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162 (10th Cir. 2012) (citing American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32, 34 (Text Revision 4th ed.2000)).

[4] A GAF in the 41–50 range indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* A GAF in the 31–40 range indicates "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child beats up younger children, is defiant at home, and is failing at school)." *Id.*

Doc. 20, p. 9]. "Medical opinion" is a term of art. It does not encompass all parts of a medical record, but merely that which concerns a patient's "symptoms, diagnosis and prognosis, what she can still do despite the impairment(s), or her physical and mental restrictions." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1164 (10th Cir. 2012) (quoting SSR 06–03p, 2006 WL 2329939, at *6 (Aug. 9, 2006)). Having reviewed the relevant[5] medical records Ms. Hodges relies on, the Court cannot fault the ALJ for failing to weigh these providers' "opinions."

More to the point, "'[w]hile a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy' and taken alone does not establish an impairment serious enough to preclude an ability to work." *Holcomb v. Astrue*, 389 F. App'x 757, 759 (10th Cir. 2010). This is especially true in Ms. Hodges' case, where there are conflicting GAF scores in the record. *See AR* at 18 (ALJ discussing Dr. James Schutte, Ph.D.'s diagnosis of a GAF of 60).[6] To the extent that the record contains support for Ms. Hodges' position, "[t]he ALJ was entitled to resolve such evidentiary conflicts and did so." *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

Ms. Hodges also challenges the ALJ's reliance on Dr. Khushalani's opinion because she believes that he did not review all pertinent evidence. [Doc. 18, p. 10]. As the Commissioner argues, Ms. Hodges' "argument amounts to a claim that, because Dr. Khushalani did [not] explicitly mention the remainder of the records, he did not receive or review them." [Doc. 20, p. 11]. The Court agrees that Ms. Hodge's argument is speculative, at best. Although he only mentioned certain exhibits, Dr. Khushalani was provided with "a Compact Disc (CD) with

---

[5] Ms. Hodges relies on several records that post-date her date last insured. These records are irrelevant to the ALJ's analysis. "[P]ost-date last insured evidence, to the extent that it relates back, is relevant only if it is reflective of a claimant's limitations prior to the date last insured, rather than merely his impairments or condition prior to this date." *Murphy v. Astrue*, 2009 WL 10706708, at *4 (D.N.M. Dec. 11, 2009) (citation omitted).

[6] A GAF of 51–60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Id.*

exhibits elected for inclusion in the record of this case[.]" *AR* at 877. Ms. Hodges admits this much in her brief, [Doc. 18, p. 10], but argues that Dr. Khushalani's opinion was nonetheless inconsistent with other record evidence, including her low GAF scores. [Doc. 18, p. 11]. Ms. Hodges' argument would have more force if the ALJ had not tempered her RFC findings in Ms. Hodges' favor. *See AR* at 20 ("While the record suggests the claimant is slightly more limited than Dr. Khushalani noted, his response were (sic) given considerable weight[.]"). In sum, the Court discerns no harmful error in the ALJ's treatment of the medical opinions in this case.

### C) The ALJ Reasonably Found Ms. Hodges' Claims of Disabling Limitations to be Unsupported by the Record.

Ms. Hodges' final argument is that "[t]he ALJ failed to assess [her] credibility based on the record as a whole[.] [Doc. 18, p. 12]. Specifically, she argues that the ALJ "failed to recognize [her] persistent and continuous efforts to obtain relief or recognize her long job history." *Id.* The Court is not persuaded that the ALJ erred.

As mentioned above, "[c]redibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence." *Romo*, 2018 WL 4212112, at *4. In assessing a claimant's symptoms, an ALJ must consider the objective medical evidence, a claimant's daily activities, the location, duration frequency, and intensity of the pain or other symptom, precipitating and aggravating factors, the type, dosage, effectiveness and side effects of medication taken to combat the symptom, and "other factors concerning your functional limitations and restrictions due to pain and other symptoms." *See* 20 C.F.R. § 404.1529(c)(3). Contrary to Ms. Hodges' position, the ALJ's credibility finding met this standard.

First, the ALJ recited Ms. Hodges' allegations. *AR* at 16. Next, before reviewing the medical evidence, the ALJ stated that "the medical evidence of record does not support the

severity level of her symptoms as alleged." *Id.* Finally, the ALJ stated that Ms. Hodges' "activities of daily living, as alleged, are not in accord with the severity level of the impairments or pain based on the objective findings. It is also significant that no physician reports that the claimant is disabled." *AR* at 20. In other words, the ALJ complied with the pertinent regulations when assessing the effect Ms. Hodges' symptoms have on her ability to work, despite failing to explicitly recognize her efforts to find relief and job history. While the Court is sympathetic to Ms. Hodges' plight, it must remind her that, even though she "undoubtedly has chronic pain, [] 'to be disabling, the pain must be so severe, by itself or in conjunction with other impairments, as to preclude *any* substantial gainful employment.'" *Romo*, 2018 WL 4212112, at *4 (emphasis added) (quoting *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986)). Ms. Hodges has failed to demonstrate that the ALJ ignored evidence showing she cannot perform any work, and so the Commissioner's decision must be affirmed.

## V) CONCLUSION

There is no denying that Ms. Hodges suffers from severe impairments that prevent her from performing her past work as a paralegal. However, this does not mean she is precluded from all work. So concluded the ALJ, and, on appeal, Ms. Hodges has failed to demonstrate that the ALJ committed reversible error in formulating her RFC, considering the medical opinion evidence, or assessing her credibility.

Wherefore, Plaintiff's Motion (*Doc. 18*) is hereby denied. A Final Judgment pursuant to Federal Rule of Civil Procedure 58 will be entered concurrently.

SO ORDERED.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent